### In re RICE et al.

(District Court, E. D. Pennsylvania.    October 14, 1908.)

#### No. 3,000.

In Bankruptcy.    On certificates · of referee concerning claims of Robert N. Weaver.

Robert S. Siegel, for claimant.

J. Howard Reber and Maxwell H. Kratz, for objecting creditors.

J. B. McPHERSON, District Judge.    These certificates present for review two orders disallowing and expunging claims of Robert N. Weaver against the firm's bankrupt estate of $1,001.50 and $3,400, respectively.    The claimant was also a member of the bankrupt firm, and his claims stand upon the same footing as the claim of Joseph A. Rice, which has been considered and disposed of in an opinion filed herewith.    164 Fed. 509.

For the reasons there given, it is ordered, with reference to the two claims now before the court, that if it be desired to have these claims, or either of them, formally allowed, but with the qualification there stated, and if a motion to that effect be filed within five days, the proper orders will be made.    In default of such motion, the clerk is directed to make an entry affirming the orders of the referee.

---

### In re RICE et al.

(District Court, E. D. Pennsylvania.    October 15, 1908.)

#### No. 3,000.

BANKRUPTCY (§ 164*)—PROVABLE CLAIMS—SURRENDER OF PREFERENCE.

Payments made to a creditor by a partnership within a few days prior to its bankruptcy *held*, under the evidence, to constitute voidable preferences, which the creditor was required to repay before proving a claim against the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 267; Dec. Dig. § 164.*]

In Bankruptcy.    On certificate of referee concerning claim of E. O. Dech.

William E. Doster and Ralph B. Evans, for claimant.

J. Howard Reber and Maxwell H. Kratz, for objecting creditors.

J. B. McPHERSON, District Judge.    This controversy is over an order of the referee directing that no dividend out of the assets of the Lerch & Rice Company should be paid upon the claim of E. O. Dech unless he should repay to the trustee, within 10 days, the sum of $830.09, being the aggregate of six preferential payments made to him by the bankrupt firm within a few days before the petition was filed. The dispute is wholly of fact, and, without discussing the evidence in detail, I shall only say that I have read with attention the notes of testimony accompanying the report of the referee and that I agree with his findings, namely: